## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER J. TARVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-0392-GKF-FHM |
| | ) | |
| STEVE KUNZWEILER, | ) | |
| District Attorney for Tulsa County, | ) | |
| State of Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Christopher Tarver, a state inmate appearing through counsel, commenced this 42 U.S.C. § 1983 action on August 7, 2020, by filing a civil rights complaint (Dkt. 2) against defendant Steve Kunzweiler, the District Attorney for Tulsa County. For the reasons stated below, the Court dismisses the complaint, without prejudice, for failure to state a claim on which relief may be granted.

### I.      Screening and dismissal standards

Because Tarver is incarcerated and seeks redress from an officer or employee of a governmental entity, his civil rights complaint is subject to screening under 28 U.S.C. § 1915A(a), a provision of the Prison Litigation Reform Act (PLRA). Section 1915A(b) requires a court to review the complaint, identify any cognizable claims and dismiss the complaint, in whole or in part, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "(2) seeks monetary relief from a defendant who is immune from such relief." The PLRA's screening and dismissal provisions apply even though Tarver is represented by counsel and has paid the filing fee in full. *See Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) (holding that

"§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee"); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (Mem.) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners.").

To determine if dismissal is appropriate under § 1915A(b), a court applies the same standards as it would in judging the sufficiency of a complaint subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii) or subject to a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). *Gee v. Pacheco*, 627 F.3d 1178, 1184-86 (10th Cir. 2010); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Under those standards, the court must decide whether a plaintiff's well-pleaded factual allegations, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.      Complaint[1]

Tarver, an Oklahoma prisoner, is serving a sentence of life without the possibility of parole under a state-court judgment entered against him in the District Court of Tulsa County, Case No. CF-2006-5408, after a jury found him guilty of first-degree murder. Dkt. 2, Compl., at 2. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Tarver's state-court judgment on direct

---

[1] Because Tarver appears through counsel, the Court will not liberally construe the complaint as it would have had Tarver filed the complaint himself. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts must liberally construe pleadings filed by pro se litigants). But, as in any civil case, the Court must construe the complaint "so as to do justice." Fed. R. Civ. P. 8(e).

appeal and affirmed the denial of an application for postconviction relief he filed in 2009.  Dkt. 2, Compl., at 2-3.

Sometime thereafter, Tarver filed a second application for postconviction relief in state district court, seeking DNA testing under Oklahoma's Postconviction DNA Act, Okla. Stat. tit. 22, § 1373.1-1373.9.  Dkt. 2, Compl., at 3.  Tarver seeks DNA testing of two .25 caliber cartridges found on the floor of a bedroom of the house where he murdered the victim, a blue coat found on the sidewalk in front of the house, bags from the victim's hands that Tarver indicates may contain DNA or gunshot residue, and a blood sample.  *Id.* at 3-4.  Tarver alleges that DNA testing of this evidence "would conclusively establish by **'*new evidence*'** that he is factually innocent."  *Id.* at 3 (emphasis and boldface type in original).

Section 1373.2 of the Oklahoma's Postconviction DNA Act provides that "a person convicted of a violent felony crime or who has received a sentence of twenty-five (25) years or more and who asserts that he or she did not commit such crime may file a motion in the sentencing court requesting forensic DNA testing of any biological material secured in the investigation or prosecution attendant to the challenged conviction."  Dkt. 2, Compl., at 10 (quoting Okla. Stat. tit. 22, § 1373.2(A)).  Those who are eligible to request DNA testing include:

1.      Persons currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration;

2.      Persons convicted on a plea of not guilty, guilty or nolo contendere;

3.      Persons deemed to have provided a confession or admission related to the crime, either before or after conviction of the crime; and

4.      Persons who have discharged the sentence for which the person was convicted.

Dkt. 2, Compl., at 10 (quoting Okla. Stat. tit. 22, § 1373.2(A)).  A convicted person may request DNA testing of biological material if the material (1) was not previously subjected to DNA testing

or (2) was previously tested but "can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous DNA test."  Dkt. 2, Compl., at 10 (quoting Okla. Stat. tit. 22, § 1373.2(B)).  The remainder of § 1373.2 sets forth procedures for filing a motion for DNA testing and requesting a response from the State.  *Id.* at 10-11.

Section 1373.4(A) provides that the sentencing "court shall order DNA testing only if the court finds:

> 1.      A reasonable probability that the [movant] would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution;
>
> 2.      The request for DNA testing is made to demonstrate the innocence of the convicted person and is not made to unreasonably delay the execution of the sentence or the administration of justice;
>
> 3.      One or more of the items of evidence the convicted person seeks to have tested still exists;
>
> 4.      The evidence to be tested was secured in relation to the challenged conviction or was not previously subjected to DNA testing or, if previously tested for DNA, the evidence can be subjected to additional DNA testing that will provide a reasonable likelihood of more probative results; and
>
> 5.      The chain of custody of the evidence to be tested is sufficient to establish that the evidence has not been substituted, tampered with, replaced or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, the testing itself has the potential to established the integrity of the evidence.  For purposes of this act, evidence that has been in the custody of law enforcement, other government officials or a public or private hospital shall be presumed to satisfy the chain-of-custody requirement of this subsection absent specific evidence of material tampering, replacement or alteration.

Dkt. 2, Compl., at 11-12 (quoting Okla. Stat. tit. 22, § 1373.4(A)).

Tarver alleges the state district court denied his motion for postconviction DNA testing. *Id.* at 14.  Tarver did not attach a copy of the state district court's order and he does not identify the basis, if any, for the denial of his motion.  He alleges the state district court "made no reasoned

opinion about DNA testing because the [c]ourt's Order could not bar consideration for a Fourteenth Amendment violation." Dkt. 2, Compl., at 14. Tarver sought review of the state district court's decision and the OCCA denied his postconviction appeal. *See id.* at 14 (asserting Tarver "sought relief in the state courts with that relief being denied" and that "[n]o other remedy exists at law to access the biological evidence"); *see also Tarver v. State*, No. PC-2020-22 (Okla. Crim. App. Apr. 9, 2020) (unpublished order affirming denial of request for postconviction DNA testing), available at oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2020-22&cmid=127586, last visited Oct. 13, 2020. The OCCA's order reflects that the state district court denied relief after holding a hearing on Tarver's motion and determining that Tarver "failed to establish a reasonable probability that the requested testing would have changed the outcome of his trial." *Tarver v. State*, No. PC-2020-22, at 2. The OCCA affirmed the denial of relief, finding that Tarver failed to show that the trial court erred in denying his request for postconviction DNA testing. *Id.* at 5.

Tarver filed the instant civil rights complaint on August 7, 2020. Dkt. 2, Compl., at 1. He seeks "an injunction requiring [Kunzweiler] to release the chain of custody of biological material to an accredited laboratory in San Antonio, Texas, that was secured in an investigation for DNA testing." *Id.* at 2, 14. In support of his request for injunctive relief, Tarver claims that Kunzweiler is violating his Fourteenth Amendment right to due process by refusing to provide access to the evidentiary items he desires to have tested for DNA because "Oklahoma's post-conviction DNA testing statute is unconstitutional providing a constitutional inadequacy to access biological material to prove [his] innocence through new evidence." Dkt. 2, Compl., at 2, 9. Tarver further states that he "does not attack the state court determinations" that he was not entitled to DNA testing under state law. *Id.* at 9. Instead, he states he "is attacking the constitutionality of

Oklahoma's post-conviction DNA testing statutes and the adequacy of access to biological material." Dkt. 2, Compl., at 10.

## III.    Analysis

To state a plausible claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts demonstrating that a "person" acting under color of state law deprived the plaintiff of a federally protected right. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Tarver contends that Kunzweiler is violating his Fourteenth Amendment right to due process by "refus[ing] to provide access to biological evidence for DNA testing." Dkt. 2, Compl., at 9. He further contends that Kunzweiler's refusal to provide access stems from a "constitutional inadequacy" in Oklahoma's Postconviction DNA Act. *Id.* The Act's alleged constitutional defects are not entirely clear. First, Tarver asserts that he is eligible to seek DNA testing, under Okla. Stat. tit. 22, § 1373.2. Dkt. 2, Compl., at 9. He then argues that the "DNA statute is unconstitutional because it provides an unconstitutional inadequacy to access biological evidence." *Id.* Next, Tarver asserts that "[t]he items that [he] seeks for testing are in the custody of [Kunzweiler] with the chain of custody being sufficient." *Id.* He then argues that "his Fourteenth Amendment rights are being violated by [Kunzweiler] not providing access to biological material." *Id.* After twice reasserting that he is eligible to seek DNA testing under the § 1373.2, Tarver argues that "§ 1373.4 creates an arbitrary statutory scheme which provides an unconstitutional discretionary mechanism rendering the constitutional inadequacy to access biological material suitable for DNA testing." Dkt. 2, Compl., at 10-11. He also argues that "State law is inadequate to provide equal protection under the law to Defendants seeking DNA testing because of the ambiguity in the statutory scheme." *Id.* at 12. Tarver then mentions that "§ 1373.4(A)(1) requires a finding that [there is] a reasonable probability that the Movant would not have been convicted if favorable results had

been obtained through DNA testing during the original prosecution." Dkt. 2, Compl. at 12.  He

argues this requirement "is an unconstitutional deprivation to access biological material to prove

a person's innocence with new evidence." *Id.*  Finally, Tarver states:

> Further, to show entitlement to relief, Plaintiff must first demonstrate that state law
> created a liberty interest in demonstrating innocence with new evidence.  *See Dist.
> Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009).  A
> liberty interest has been established under 22 O.S. § 1373.5(A) as 'it allows for the
> vacation of a conviction, or other appropriate relief, upon a showing of favorable
> DNA test results' because this statute creates a liberty interest in demonstrating
> innocence with new evidence.  *Osborne*, 557 U.S. at 68.  *See Wilkinson v. Dotson*,
> 544 U.S. 74 (2005).  Plaintiff is not attacking his conviction, only the inadequacy
> of access to DNA evidence to demonstrate his innocence with new evidence.

Dkt. 2, Compl., at 12-13.

Distilling Tarver's assertions and arguments, he appears to claim that Oklahoma's

Postconviction Act violates his Fourteenth Amendment rights to due process and equal protection

because offenders who are eligible to seek DNA testing cannot obtain testing unless the sentencing

court finds, *inter alia*, there is a reasonable probability that he would not have been convicted had

favorable results been obtained through DNA testing at the time of his state prosecution.  To the

extent this is Tarver's claim, he fails to state a plausible Fourteenth Amendment claim for the

following reasons.

## A.     Due process

The Fourteenth Amendment's due-process clause provides two types of constitutional

protections.  "Procedural due process ensures that a state will not deprive a person of life, liberty

or property unless fair procedures are used in making that decision."  *Archuleta v. Colo. Dep't of

Insts. Div. of Youth Servs.*, 936 F.2d 483, 490 (10th Cir. 1991).  "[S]ubstantive due process, on the

other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason

regardless of how fair the procedures are that are used in making the decision."  *Archuleta*, 936

F.2d at 490.  The allegations in Tarver's complaint do not plausibly allege a violation of either due process protection.

### 1.    Substantive due process

To the extent Tarver asserts a substantive due process violation, his citations to *Dotson* and *Osborne* do not support his claim that Oklahoma's Postconviction DNA Act violates his Fourteenth Amendment right to substantive due process.  Stating that it was "adhering" to its decision in *Dotson*, the U.S. Supreme Court held in *Skinner v. Switzer*, 562 U.S. 521 (2011), "that a postconviction claim for DNA testing is properly pursued" through a 42 U.S.C. § 1983 civil rights action, rather than a 28 U.S.C. § 2254 habeas corpus action, because a request for post-conviction DNA testing neither necessarily implies the unlawfulness of the State's custody nor seeks immediate or speedier release from confinement.  *Skinner*, 562 U.S. at 525.  But the *Skinner* Court emphasized that its "decision in *Osborne* severely limits the federal action a state prisoner may bring for DNA testing."  *Skinner*, 562 U.S. at 525.  Significantly, the *Skinner* Court explained that "*Osborne* rejected the extension of substantive due process to this area, and left slim room for the prisoner to show that the governing state law denies him procedural due process."  *Skinner*, 562 U.S. at 525 (internal citations omitted) (citing *Osborne*, 557 U.S. at 71-72.); *see also Osborne*, 557 U.S. at 69 ("Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided.").  Accordingly, to the extent Tarver asserts a denial of his right to substantive due process rights based on the State's (or Kunzweiler's) refusal to provide him access to evidentiary items for DNA testing, he fails to state a viable substantive due process claim. *See Pickens v. Kunzweiler*, 15-CV-504-JHP-PJC, 2016 WL

1651821, at * 3 (N.D. Okla. Apr. 25, 2016) (unpublished)[2] (discussing *Osborne* and stating, "The Supreme Court has rejected the idea that individuals who have been convicted of crimes have a substantive due process right to access DNA evidence.").

### 2. Procedural due process

On the facts alleged, Tarver also fails to state a plausible claim for relief on the theory that the Act violates his right to procedural due process. To state a procedural due process claim, Tarver must allege facts demonstrating (1) that he has a liberty interest created by state law, and (2) that the State failed to afford him the appropriate level of process before depriving him of that interest. *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019). This court has previously determined that Oklahoma's Postconviction DNA Act creates a liberty interest in access to DNA evidence. *See Pickens*, 2016 WL 1651821, at *4 (applying *Osborne* and finding Oklahoma's Postconviction DNA Act "sufficient to create a liberty interest in demonstrating innocence with new evidence"); *see also Huey v. Kunzweiler*, No. 20-CV-0021-CVE-FHM, 2020 WL 1325359, at *6 (N.D. Okla. Mar. 20, 2020) (unpublished) (citing *Pickens* and finding the plaintiff's complaint sufficiently alleged a liberty interest created by Oklahoma's Postconviction DNA Act). But this court in *Pickens* declined to "find that Oklahoma's procedures are fundamentally inadequate to vindicate the liberty interest in demonstrating innocence with new evidence." 2016 WL 1651821, at *4. The court reached that conclusion after considering the Act's eligibility requirements set forth in Okla. Stat. tit. 22, § 1373.2. *See id.*

Here, to the extent the Court understands Tarver's procedural-due process claim, he appears to attack the statutory requirement in § 1373.4(A)(1) that the state district court deny relief

---

[2] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

unless the court finds, *inter alia*, "a reasonable probability that the [movant] would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution." Dkt. 2, Compl., at 11-12 (quoting Okla. Stat. tit. 22, § 1373.4(A)(1)). The court did not consider that statutory requirement in *Pickens*, but another federal district court in Oklahoma comprehensively reviewed the Postconviction DNA Act and, consistent with *Pickens*, concluded that "Oklahoma's procedures are on par with the procedures found to pass constitutional muster in *Osborne*." *Neal v. Prater*, No. CIV-19-277-SLP, 2019 WL 6045586, at *4 (W.D. Okla. Nov. 15, 2019) (unpublished). The plaintiff in *Neal* made an argument very similar to the one Tarver appears to make here. In *Neal*, the plaintiff argued that "limiting access to DNA evidence [based on a party's failure to meet the requirements of § 1373.4(A)] when [he] meets the threshold requirements [for postconviction DNA testing included in § 1373.2] is an unconstitutional denial of due process." *Neal*, 2019 WL 6045586, at *3 (alterations in original). The district court in *Neal* found that argument "fail[ed] to state a claim based in procedural due process," and noted that "[c]learing the bar set by *Osborne* is difficult." *Neal*, 2019 WL 6045586, at * 4.

Finding *Neal* persuasive, this court in *Huey* agreed "that *Osborne* sets a high bar for a procedural due process claim," and found plaintiff's assertion in that case that requiring defendants to satisfy the reasonable-probability standard to obtain access to DNA testing violates procedural due process was insufficient to state a plausible Fourteenth Amendment claim. *Huey*, 2020 WL 1325359, at *7. As the court stated in *Huey*,

> Significantly, in *Osborne*, the Supreme Court upheld Alaska's procedures for seeking postconviction DNA testing, noting that Alaska's laws exempts claims for postconviction DNA testing from applicable time limits and permits discovery, but places other limits on eligibility for relief, including, in relevant part, that the movant make a "sufficiently compelling showing of new evidence that establishes innocence." 557 U.S. at 69-70. Similar to Alaska's procedures, Oklahoma's procedures require a sufficiently compelling showing that DNA testing will establish innocence—namely, a reasonable probability that the outcome of trial

10

> would have been different with favorable DNA evidence. And, contrary to plaintiff's apparent position, "plac[ing] limits on an offender's access to DNA evidence," *Pickens*, 2016 WL 1651821, at *4, does not make Oklahoma's Postconviction DNA Act "fundamentally inadequate to vindicate substantive rights," *Neal*, 2019 WL 6045586, at *3. Accordingly, in light of *Osborne*, *Pickens* and *Neal*, the Court finds that plaintiff fails to state a plausible procedural due process claim.

*Huey*, 2020 WL 1325359, at *7. Tarver, who is represented by the same counsel who represented the plaintiffs in *Neal* and *Huey*, reasserts the same argument that was rejected in those cases. *Huey*, 2020 WL 1325359, at *1; *Neal*, 2019 WL 6045586, at *1. And, like the plaintiffs in *Neal* and *Huey*, Tarver fails to allege a plausible procedural due process claim.

### B.    Equal Protection

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Equal Protection Clause generally requires "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). However, "[t]he Equal Protection Clause does not forbid classifications," *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 54 (10th Cir. 2013), so, "[u]nless a legislative classification burdens a fundamental right or targets a suspect class, courts will uphold it if it is rationally related to a legitimate end," *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998).

Tarver asserts, in part, that Oklahoma's Postconviction DNA Act "is inadequate to provide equal protection under the law to Defendants seeking DNA testing because of the ambiguity in the statutory scheme." Dkt. 2, Compl., at 12. But beyond this conclusory assertion, Tarver fails to develop any facts suggesting, much less demonstrating, that the Oklahoma Legislature's decision to adopt a reasonable-probability standard either burdens a fundamental right or targets a suspect class. Consequently, he fails to state a plausible claim that the statute violates his right to equal protection under the law.

IV.     **Conclusion**

Because the allegations in the complaint are not sufficient to state any plausible Fourteenth Amendment claims, the Court concludes that the complaint shall be dismissed without prejudice, under 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  The complaint (Dkt. 2) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2.  This is a final order terminating this action.

3.  A separate judgment shall be entered herewith.

**DATED** this 13th day of October 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE